# Commonwealth *v*. Miller, Appellant.

*Criminal law—Homicide—Murder of the first degrée—Evidence —Sufficiency.*

Where on the trial of 'an indictment for murder it appears that defendant had been arrested by the deceased, a detective, upon a warrant at the former's home; that while deceased was taking defendant to the police station defendant asked him to step into an alley and when he did so drew a revolver and shot and killed him and then fled, and it further appears that a short time prior to the arrest defendant had stated that he would never be taken alive, a verdict of murder of the first degree will be sustained.

Argued Jan. 31, 1916.   Appeal, No. 280, Jan. T., 1915, by defendant, from sentence of O. & T. Philadelphia Co., April T., 1915, No. 5, on verdict of guilty of murder of the first degree, in case of Commonwealth of Pennsylvania v. Jacob Miller.   Before BROWN, C. J., POTTER, STEWART, FRAZER and WALLING, JJ.   Affirmed.

Indictment for murder.   Before RALSTON, J.

From the record it appeared that prior to March 25, 1915, the defendant, Miller, had been charged with the larceny of certain goods, the property of one Mrs. Bergdoll, and a warrant had been issued for his arrest.

The warrant had been given to Detective Harry E. Tucker for the purpose of arresting Miller.   In the evening of March 25, 1915, Detective Tucker, in company with Detective Maneely, went to the home of Charles Pfeil, at 2242 East Cambria street, Philadelphia, where Miller resided, to arrest Miller.   Detectives Tucker and Maneely arrived at Pfeil's home about eight o'clock in the evening, and arrested the defendant, Miller, and his brother, Louis.

Maneely and Tucker left Pfeil's home with the defendant, Miller, and his brother, Louis, in their custody, and under arrest; the four walked westward from Pfeil's

house on the south side of Cambria street, Detective
Tucker having Miller in custody, and Detective Maneely
having Miller's brother, Louis, in custody.

The four men proceeded westward on the south side
of Cambria street until they came to an alley between
premises 2120 and 2122 East Cambria street, when Miller asked Detective Tucker to take him up the alley, as
he wanted to urinate.

Tucker complied with Miller's request, and took him
into the alley, while Detective Maneely and Miller's
brother, Louis, stood on the sidewalk at the curb in front
of the alley.    As soon as Tucker and Miller got into the
alley, Miller broke away from Tucker pulled out a revolver, shot Tucker in the chest, and then ran out of the
alley on to Cambria street.

He was pursued by Maneely, and in the pursuit, Miller
shot and killed Maneely, and succeeded in escaping, and
was not arrested until the next morning.    After his arrest, Miller made a statement to the police, narrating the
incidents of the murder substantially as above outlined.

Shortly before his arrest the defendant declared he
would not be taken alive.

Verdict of guilty of murder of the first degree, upon
which sentence of death was passed.    Defendant appealed.

*Errors assigned* were various rulings of the trial
judge.

*Francis Tracy Tobin,* for appellant.

*Joseph H. Taulane,* Assistant District Attorney, with
him *Samuel P. Rotan,* District Attorney, for appellee.

PER CURIAM, March 20, 1916:

If a human life were not involved in this appeal we
should be inclined to dismiss it for the disregard of the
rule relating to assignments of error, but, after duly con-

sidering them, we are of one mind that no error was committed on the trial of the prisoner, and that the ingredients necessary to constitute murder of the first degree were proved to exist. No useful purpose can be served by discussing the various assignments of error, and it remains only to say that the judgment is affirmed, with direction that the record be remitted for the purpose of execution.